UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**     ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [66]

### I.     Introduction

Before the Court is Defendant Liberty Insurance Underwriters Inc.'s ("Liberty") Motion for Summary Judgment. Defendant's Motion for Summary Judgment ("Mot."), ECF No. 66. For the following reasons, Defendant's motion is GRANTED.

### II.     Background

Plaintiffs Patrick Soon-Shiong ("Dr. Soon-Shiong"), NantCell, Inc. ("NantCell"), and NantWorks, LLC ("NantWorks") seek coverage—pursuant to a management liability policy Liberty issued to NantWorks—for an underlying action filed in the Delaware Court of Chancery: *In re Altor BioScience Corporation*, Civil Action No. 2017-0466-KSJM ("the Underlying Action"). *See* Defendant's Response to Plaintiff's Statement of Additional Material Facts ("MF"), ECF No. 112-1, ¶¶ 1, 46.

#### A.  The Underlying Action

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | | |

# JS-6

On June 15, 2020, a group of Altor BioScience Corporation ("Altor") shareholders filed the Third Amended Complaint ("TAC") in the Underlying Action. Exhibit A ("TAC"), ECF No. 66-4. The TAC served as the last operative complaint before the lawsuit was eventually resolved through two settlements negotiated in 2022. MF ¶¶ 4, 19, 20, 25.

The Altor shareholders brought an appraisal claim against Altor; breach of fiduciary duty claims against Altor Board members Hing C. Wong ("Wong"), Fred Middleton ("Middleton"), and Dr. Soon-Shiong (who concurrently served as a NantCell director); and an aiding and abetting breach of fiduciary duty claim against NantCell. *Id.* ¶ 5; TAC ¶¶ 198-215.

The TAC describes the allegations as follows:

This is an action for appraisal . . . and for breaches of fiduciary duty by the controlling stockholders and directors of Respondent Altor. Through a course of conduct beginning in late 2015 and culminating in a merger on July 31, 2017 . . . , the directors of Altor first handed control of the Company and its valuable assets over to Defendants Soon-Shiong and his controlled company NantCell . . . , then allowed Soon-Shiong and NantCell to complete a self-dealing Merger for inadequate value and without any procedural protections for [plaintiffs].

TAC ¶ 1.

The Underlying Action defendants' "extended course of self-dealing and other grossly disloyal misconduct" involve the following specific allegations, among others:

- Defendants hid the success of Altor's cancer-treating product (e.g., through omissions in merger disclosures and conversations with other Altor Board members) to present a false picture of Altor and get its shareholders to accept inadequate merger consideration. *Id.* ¶¶ 4, 6.
- Defendants Wong and Middleton engineered a transaction under which other Altor board

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

members agreed to sell their shares to then-third party Dr. Soon-Shiong and "his majority-owned and controlled vehicle, Defendant NantCell," and to resign from the Board. *Id.* ¶ 5.

- Defendants Soon-Shiong (who immediately afterward joined the Altor Board), Wong, and Middleton then embarked on a scheme to convey Altor and its cancer-treating product to Dr. Soon-Shiong. *Id.*

- Defendants entered into various agreements related to co-development and manufacturing with Soon-Shiong affiliates (e.g., NantCell). Given FDA milestones accounted for two-thirds of the merger consideration and Soon-Shiong (through his affiliates) controlled the manufacturing process timing, he was incentivized to delay the manufacturing process. *Id.* ¶¶ 7, 69.

- Defendants orchestrated a series of transactions that handed majority control of Altor to Soon-Shiong, then sold the remainder of Altor to Soon-Shiong and his controlled company NantCell at a discounted price. *Id.* ¶ 8.

### B. The Liberty Policy

Liberty issued a "Management Liability and Professional Liability Follow Form Excess Policy" to NantWorks for the April 1, 2017 to April 1, 2018 policy period, which, in general, incorporated the insuring clauses, definitions, terms, conditions, and exclusions contained in the primary policy. MF ¶ 46. The primary policy was issued by Federal Insurance Company ("Chubb") to NantWorks with NantCell endorsed as an insured subsidiary. *Id.* ¶ 47. The Liberty Policy offered coverage of up to $5 million, following form to the primary policy issued by Chubb. *Id.* ¶ 56. On September 14, 2020, Plaintiffs notified Liberty that the primary policy coverage had been exhausted, but Liberty ultimately denied coverage for all claims in the Underlying Action. MF ¶ 66.

The relevant insuring clauses in the Liberty Policy are duplicated below:

**Insuring Clause (B): Individual Indemnified Liability Coverage**
(B) The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against an **Insured Person** during the **Policy Period**, or the Extended Reporting

:

| | Initials of Preparer | DTA |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | | |

# JS-6

Period if applicable, to the extent the **Organization** indemnifies the **Insured Person** for such **Loss** as permitted or required by law.

**Insuring Clause (C): Entity Liability Coverage**
(C) The Company shall pay, on behalf of an Organization, Loss on account of a Claim first made against the Organization during the Policy Period, or the Extended Reporting Period if applicable.

Exhibit J ("Liberty Policy"), ECF No. 66-13, at 33.[1]

For there to be coverage, a claim must be made against an "Insured Person" for a "Wrongful Act." *Id.* at 34. "Insured Person[s]" include directors and officers of the Parent Organization (i.e., NantWorks) and any Subsidiary (i.e., NantCell) "acting either in his or her capacity as such." *Id.* at 34-35; MF ¶ 53. Moreover, a "Wrongful Act" includes alleged acts or omissions committed by "any Insured Person while acting in his or her capacity as such or any matter claimed against any Insured Person solely by reason of his or her status as such." Liberty Policy at 37.

Finally, the Liberty Policy excludes "Loss on account of any Claim against an Organization . . . based upon, arising from or in consequence of any liability in connection with any oral or written contract or agreement to which an Organization is a party, provided that this Exclusion . . . shall not apply to the extent that such Organization would have been liable in the absence of such contract or agreement" ("the Contract Exclusion"). *Id.* at 39.

### C. Procedural History

---

[1] The Court's citations to the Liberty Policy refer to the blue docket page number found at the top of each page.

:

| | | |
|---|---|---|
| Initials of Preparer | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

Plaintiffs filed suit against Liberty on February 7, 2025 in the Superior Court of the State of California, County of Los Angeles. ECF No. 1, at 2. Liberty removed the action to this Court on March 13, 2025. *See id.*

Plaintiffs' complaint alleges the following two causes of action: (1) declaratory relief declaring that Plaintiffs' losses in connection with the defense of the Underlying Lawsuit are covered losses under the Liberty Policy; and (2) breach of contract for Liberty's failure to pay for Plaintiffs' covered losses. ECF No. 1-1, ¶¶ 37-56.

Liberty moved for summary judgment on February 23, 2026, arguing that Plaintiffs' losses in connection with the defense of the Underlying Lawsuit are not covered under the Liberty Policy. *See* Mot.

## III.   Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id.*

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## IV.    Discussion

The overarching issue before the Court is whether Plaintiffs Dr. Soon-Shiong and NantCell incurred covered losses under the Liberty Policy. Resolving this issue necessitates a different analysis for each Plaintiff. As to Dr. Soon-Shiong, the question is whether the Altor shareholders sued him in his capacity as a NantCell director or officer—i.e., that he qualified as an "Insured Person" under the Liberty Policy. As to NantCell, the question is whether the Contract Exclusion bars its claim for coverage. We address each Plaintiff in turn.

### A.  The Altor shareholders did not sue Dr. Soon-Shiong in his NantCell capacity.

Dr. Soon-Shiong must qualify as an "Insured Person" for his losses from the Underlying Action to be covered under the Liberty Policy. *See* MF ¶ 54 ("A civil proceeding only constitutes a 'Claim' when asserted against an Organization or an Insured Person 'for a Wrongful Act.'"). Under the Liberty Policy, an "Insured Person" is a director or officer of NantCell "acting either in his or her capacity as such." *See* Liberty Policy at 35. Thus, to find coverage under the Liberty Policy, the Court must conclude that the Altor shareholders sued Dr. Soon-Shiong in his capacity as a NantCell director or officer, rather than in his individual capacity or in his capacity as an Altor director or officer.

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | | |

# JS-6

**i.      The Altor shareholders' claims against Dr. Soon-Shiong make clear he was not sued in his NantCell capacity.**

The Altor shareholders' claims against Dr. Soon-Shiong clearly show he was sued in his *Altor* capacity, not his NantCell capacity.

In the TAC, Altor shareholders alleged one count of breach of fiduciary duty against Dr. Soon-Shiong, Wong, and Middleton ("Count III") and one count of breach of fiduciary solely against Dr. Soon-Shiong ("Count IV"). TAC ¶¶ 205-12. Altor shareholders explicitly alleged in Count III that Dr. Soon-Shiong was acting in his capacity as an Altor director and breached fiduciary obligations he owed to Altor shareholders. *See id.* ¶ 206 ("*As members of Altor's Board*, Defendants Soon-Shiong, Wong, and Middleton had" and breached various fiduciary obligations to act independently to protect the interests of Altor's stockholders, take measures to obtain the best value reasonably available in any sale of Altor, and disclose all material information to Altor's stockholders relating to the merger, among others. (emphasis added)).[2]

The same goes for Count IV, where the merger itself is alleged to be unfair because of Dr. Soon-Shiong's breaches of fiduciary duties to Altor shareholders. *Id.* ¶ 211 ("Defendant Soon-Shiong was a controlling stockholder of Altor at the time of the Merger and owed fiduciary duties to Altor's other stockholders."); *id.* ¶ 212 (stating the merger is not fair as to process or price "[f]or the same reasons identified in Count III" and that "Soon-Shiong is therefore liable to the Class in his capacity as controlling shareholder").

---

[2] Plaintiffs contend that Dr. Soon-Shiong was sued in his NantCell capacity because he recused himself from the Altor side of the merger negotiations. Plaintiffs' Opposition to Defendant's Mot. ("Opp."), ECF No. 92, at 18-19. This fact, however, has no impact on how the Altor shareholders sued Dr. Soon-Shiong. The crux of the Underlying Action is that Altor directors breached fiduciary duties to Altor shareholders by failing to act independently and protecting the interests. Whether or not Dr. Soon-Shiong recused himself or not has no bearing on the Altor shareholders' lawsuit against him.

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

Thus, the Altor shareholders explicitly pleading their causes of action against Dr. Soon-Shiong in his Altor capacity for clear breaches of fiduciary duties relating to his role as such shows he was sued in his Altor capacity, not his NantCell capacity.[3] *See Bowie v. Home Ins. Co.*, 923 F.2d 705, 709 (9th Cir. 1991) (finding no duty to defend where plaintiffs were not sued in their insured capacity; specifically, they were named in the underlying action as officials of an uninsured organization rather than as officials of an insured organization).

Relatedly, the Altor shareholders could not have asserted breach of fiduciary duty claims against Dr. Soon-Shiong in his NantCell capacity because he only owed fiduciary duties to the Altor shareholders in his capacity as an Altor director. *See Arnold v. Soc'y for Sav. Bancorp, Inc.*, 678 A.2d 533, 539 (Del. 1996) (Under Delaware law, "fiduciary duties are owed by the directors and officers to the corporation and its stockholders.").

> **ii.     The Court rejects Plaintiffs' reference to specific factual allegations they claim show Dr. Soon-Shiong was sued in his NantCell capacity.**

Plaintiffs argue that factual allegations in the TAC constitute wrongful acts committed by Dr. Soon-Shiong in his NantCell capacity. Specifically, Plaintiffs point to the following allegations by Altor shareholders: (1) Dr. Soon-Shiong made dilutive stock purchases before the merger and joining Altor's Board of Directors; (2) Dr. Soon-Shiong caused Altor to enter contracts for the benefit of his companies including NantCell; (3) Dr. Soon-Shiong promised Wong future equity in NantCell; and (4) NantCell was an instrumentality of Dr. Soon-Shiong. Opp. at 17-20. We disagree.

---

[3] This view—that the Altor shareholders did not sue Dr. Soon-Shiong in his NantCell capacity—is further buttressed by the Altor plaintiffs' brief in support of a settlement, where in summarizing the Underlying Action, stated that the "Plaintiffs allege Defendants Soon-Shiong, Fred Middleton ("Middleton") and Hing C. Wong ("Wong")—*Soon-Shiong as Altor's Chairman and controlling stockholder*, Wong as Altor's CEO and second Board member and Middleton as Altor's third Board member—breached fiduciary duties to Altor stockholders leading up to and in connection with the Merger with NantCell." ECF No. 112-3 at 2 (emphasis added).

|  |  | : |  |
|---|---|---|---|
| Initials of Preparer | | DTA | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

The mere fact Dr. Soon-Shiong concurrently served as a NantCell director or benefited NantCell while performing these actions does not necessarily mean he was acting *in his capacity* as a NantCell director. *See Capacity*, BLACK'S LAW DICTIONARY (12th ed. 2024) ("The role in which one performs an act; esp., someone's job, position, or duty."). The factual allegations before us are simply not alleged against Dr. Soon-Shiong in his role as a NantCell director. *See Langdale Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 609 F. App'x 578, 589, 596 (11th Cir. 2015) (finding that the insureds in an underlying action were alleged to have acted in dual capacities—as directors and officers of the insured holding company, and trustees of a trust that invested in the holding company—when trust beneficiaries alleged that before the insureds had breached their duties to the insured company as directors, they breached their duties as trustees by signing a shareholders' agreement on the trust beneficiaries' behalf, misinformed the beneficiaries about the trust's termination date, and misrepresented the value of the trust's shares); *see also Keith Goggin and Michael Goodwin v. National Union Fire Insurance Company of Pittsburgh, Pa*, No. N17C-10-083 (Del. Super. Ct.), Docket No. 10 *and Goggin v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2018 WL 6266195, at *5 (Del. Super. Ct. Nov. 30, 2018) (finding that U.S. Coal creditors had sued the insureds in multiple capacities—as U.S. Coal directors and members/managers of investment vehicles they formed—when they alleged multiple counts, including for fraudulent transfer, against the insureds based on them entering into various agreements with U.S. Coal that personally secured them preferred recovery in the event of U.S. Coal's liquidation and a loan at a significantly discounted value).

The Underlying Action is ultimately about "breaches of fiduciary duty *by the controlling stockholders and directors of Respondent Altor*" that enabled a merger with NantCell for inadequate consideration and without procedural protections. TAC ¶ 1. The specific allegations Plaintiffs point to do not show that the Altor shareholders sued Dr. Soon-Shiong in his NantCell capacity. Rather, they are intended to support this central facet of the Underlying Action by providing additional factual support or making allegations against Altor director defendants for their wrongful conduct as Altor directors. This is best seen through a review of a couple of examples below.

:

Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | | Date | April 20, 2026 |
|---|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | | |

# JS-6

Plaintiffs argue the allegation that Dr. Soon-Shiong made dilutive purchases of Altor stock before he joined the Altor board means he did so in his NantCell capacity. However, there is nothing in the text of the actual allegation to support that Dr. Soon-Shiong did so in his NantCell capacity. *Id.* ¶ 57 ("Wong and Middleton . . . engineered a transaction under which [other Altor directors] agreed to sell most of their stock interests to Soon-Shiong . . . retaining only options to purchase common stock that were provided in recognition of their long service on the Board, to release their claims against Wong and the Company, and to resign from the Board.") Moreover, the allegation clearly focuses on Wong and Middleton's wrongful conduct as Altor directors, not Dr. Soon-Shiong's wrongful conduct as a NantCell director.

The same goes for the allegation that Dr. Soon-Shiong promised Wong future equity in NantCell to entice him to approve the merger. This allegation reads as follows:

> Accordingly, due solely to the fact that Soon-Shiong bought Wong's Board support through a materially significant employment agreement, pre-Merger equity awards and a promise of a future equity award in NantCell that amount to many tens of millions of dollars, *at least two of the three Board members and one of the two members of the so-called ad hoc special committee were clearly disabled from making a disinterested and independent business judgment*. Therefore, neither at the Board level nor at the committee level (assuming, arguendo, that there was any delegation of Board authority to the committee in the first place, which it appears, from the "ad hoc" designation and the absence of any committee meetings before the day the Merger Agreement was signed, there was not) was there approval of the Merger *by a majority of disinterested and independent directors*.

> *Id.* ¶ 123 (emphasis added).

The focus again here is clearly not on Dr. Soon-Shiong's conduct, but on the Altor Board members' wrongful conduct for failing to follow a fair process and secure a fair price for Altor shareholders. This conclusion is further shown by a review of the surrounding allegations. At the outset, these allegations fall under the header "THE BOARD WAS NOT INDEPENDENT AND DISINTERESTED." This section's

:

| | |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

introductory paragraph states that the Altor Board failed to follow a fair process and secure a fair price because the *Altor directors* were not independent or disinterested. *Id.* ¶ 116. The section then shows how each Altor board member, one-by-one, was not independent or disinterested. *Id.* ¶ 117 ("Defendant Soon-Shiong, the Board's chairman, was the buyer, and therefore materially interested in paying the lowest price possible."); *id.* ¶ 118 (Dr. Soon-Shiong had Altor enter into exclusive agreements with his affiliated companies such that "[i]n addition to Soon-Shiong's majority ownership and Board chairmanship, significant portions of the Company's future business were already under the day-to-day control of Soon-Shiong or his controlled companies."); *id.* ¶ 119 ("The two other directors — Wong and Middleton — were also disabled."). In fact, the allegations regarding Dr. Soon-Shiong buying Wong's board support fall under allegations of wrongful conduct against Wong. *Id.* ¶ 120 ( "Wong's lack of independence is the most egregious.").

In sum, the specific allegations Plaintiffs raise relating to Dr. Soon-Shiong do not show that the Altor shareholders sued him in his NantCell capacity. Rather, these allegations serve to provide context as to the overall scheme and steer claims of wrongful conduct towards Altor directors themselves for their wrongful conduct in such a capacity.

*Abrams v. Allied World Assurance Co. (U.S.) Inc.* is instructive as the facts there nearly mirror ours. 657 F. Supp. 3d 1280 (N.D. Cal. 2023). *Abrams* involved a coverage dispute regarding an underlying action for breach of fiduciary duties against insureds who held positions at Stratim Capital, LLC ("Stratim") and Stratim-related companies. *Id.* at 1282-83. A shareholder of a company called Altierre alleged that the insureds took control of and looted Altierre for the benefit of Stratim and Stratim-related companies, leaving Altierre shareholders with essentially nothing. *Id.* at 1287. The *Abrams* court summarized the allegations in the underlying action as follows:

> Abrams, who was both an Altierre executive and a principal of Stratim, allegedly took control of Altierre's board and used his position to entrench Stratim's position in Altierre while taking various actions that were detrimental to [Altierre] investors. Abrams hired or promoted [other insureds], who became Altierre board members and were beholden to

| | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

Abrams.  The Underlying [complaint] alleges that because of their positions with Altierre, the Insureds owed fiduciary duties to Altierre and its shareholders . . . .  The Insureds allegedly breached those fiduciary duties by acting for the benefit of themselves and the Stratim companies, and to the detriment of Altierre and its shareholders. The Underlying [complaint] expressly refers to Abrams as the agent of the Stratim companies and alleges that he received the notice of foreclosure from Trinity at his Stratim email address. The Underlying [complaint] also alleges that [an insured] signed the consents to the strict foreclosure on behalf of the Stratim companies.

*Id.* at 1287 (internal citations omitted).

The insurer in *Abrams* issued a liability policy that covered loss arising from claims against Altierre directors and officers. *Id.* at 1283. Abrams tendered the underlying action to the insurer, who denied coverage based, in part, on an "Insured Capacity Exclusion." *Id.* at 1283-84. This provision excluded from coverage loss based upon any actual or alleged act or omission of any insured person serving *in any capacity other than as an executive of Altierre*. *Id.* at 1285. The insureds in *Abrams* sought partial summary judgment that the exclusion does not apply because the claims asserted against them in the underlying action arose from acts taken in their capacities as executives of Altierre, not Stratim. *Id.* at 1285-86.

Recognizing the complexity involved in resolving the issue, the *Abrams* court nevertheless reached the conclusion that the claims asserted against the insureds in the underlying complaint were for breach of fiduciary duties owed to Altierre shareholder plaintiffs solely based on their capacities as Altierre executives. *Id.* The court noted that while the insureds' executive positions with Stratim-related companies provided a motive for their alleged actions, the insureds were not sued for breach of any fiduciary duties arising from their roles as Stratim executives. *Id.* The court held that the insured capacity exclusion did not exclude coverage as a matter of law. *Id.* We agree with the reasoning in *Abrams*; specifically, despite a similarly entwined set of allegations against the insureds, the underlying action plaintiffs still only sued

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

them for breaches of fiduciary duties arising from their roles as directors and officers of the insured company—Altor.[4]

The Court holds that the Altor shareholders did not sue Dr. Soon-Shiong in his capacity as a NantCell director or officer and thus that Dr. Soon-Shiong's losses are not covered under the Liberty policy. Accordingly, Defendant's motion for summary judgment is GRANTED as to Plaintiff Dr. Soon-Shiong.

### B. NantCell's claim for coverage is barred by the contract exclusion

"Before 'even considering exclusions, a court must examine the coverage provisions to determine whether a claim falls within [the policy terms].'" *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 16 (1995), *as modified on denial of reh'g* (Oct. 26, 1995) (quoting *Hallmark Ins. Co. v. Superior Court*, 201 Cal. App. 3d 1014, 1017 (1988)). The parties in their briefings skip over whether NantCell's claim for coverage falls within the policy terms. We find its claim clearly fits within the coverage provision's ambit. The TAC alleged one count against NantCell for aiding and abetting Wong, Middleton, and Dr. Soon-Shiong's breaches of their fiduciary duties ("Count V"). TAC ¶¶ 213-15. Liberty would thus be on the hook for

---

[4] Plaintiff suggests we should look to *IDT Corp. v. U.S. Specialty Ins. Co.*, which unlike *Abrams*, involved "stockholders of a company suing the company's controlling stockholder for breach of fiduciary duty, and a finding that the controlling stockholder's alleged wrongful acts were committed in his capacity as Chairman of a company other than the controlled company whose stockholders brought the claim." 2019 WL 413692 (Del. Super. Ct. Jan. 31, 2019). *IDT* is inapposite. First, the *IDT* court answered a question different than that in our case: whether or not the insurer had a *duty to defend* in the underlying action. *Id.* at *8. Although the court did find that the insured acted in his insured capacity, it did so focused within the context of whether there is a duty to defend, which is "broader than the duty to indemnify"—the inquiry before us here. *Kellerer v. Allied Prop. & Cas. Ins. Co.*, 2015 WL 5768370, at *5 (C.D. Cal. Sept. 30, 2015), *aff'd*, 689 F. App'x 494 (9th Cir. 2017) (citing *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 299 (1993)). Second, Plaintiffs' emphasis on the fact that only *IDT* evaluates a controlling shareholder claim like that in our case is misplaced. It is not clear why this factual similarity is informative in determining whether the underlying plaintiffs sued an insured in their insured capacity. In fact, it appeared relevant to the *IDT* court's analysis because only "an Insured Person in his capacity as such, including . . . while acting as a Controlling Person" could commit a "Wrongful Act" as specifically defined in the insurance policy there. *Id.*

:

| Initials of Preparer | DTA |
|---|---|

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

paying defense costs on account of this claim made against NantCell during the policy period. *See* Liberty Policy at 33.

Liberty argues that the Contract Exclusion bars NantCell's claim for coverage. The Liberty Policy excludes "Loss on account of any Claim against an Organization . . . based upon, arising from or in consequence of any liability in connection with any oral or written contract or agreement to which an Organization is a party, provided that this Exclusion . . . shall not apply to the extent that such Organization would have been liable in the absence of such contract or agreement." Liberty Policy at 39.

Although "exclusions in the insurance policy are strictly construed against the insurer and liberally interpreted in favor of the insured," *Delgado v. Heritage Life Ins. Co.*, 157 Cal. App. 3d 262, 271 (1984), the language in the exclusion at issue has already been given a broad interpretation. "California courts have consistently given a broad interpretation to the terms 'arising out of' or 'arising from' in various kinds of insurance provisions. It is settled that this language does not import any particular standard of causation or theory of liability into an insurance policy. Rather, it broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship." *Medill v. Westport Ins. Corp.*, 143 Cal. App. 4th 819, 830 (2006) (internal quotation marks and citation omitted).

Given the expansive interpretation given to "arising from" by the California courts, we hold that the Contract Exclusion bars NantCell's claim for coverage. Count V explicitly alleges that it "aided and abetted" Soon-Shiong, Wong, and Middleton in the breaches of their fiduciary duties "by reason of its status as party to the Merger Agreement." TAC ¶ 214. It cannot be any clearer that the claim against NantCell is "based upon, arising from or in consequence of any liability in connection with any oral or written contract or agreement to which" NantCell is a party. Liberty Policy at 39.

It does not change our conclusion that Count V alleged that NantCell aided and abetted the Altor directors' breaches of their fiduciary duties by acting as an "instrumentality of Defendant Soon-Shiong." TAC ¶ 214. We find there are no factual allegations of wrongful conduct against NantCell that are

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

unrelated to the merger. The only pre-merger allegation involving NantCell alleges that Altor entered into a co-development agreement with NantCell. TAC ¶ 69. The focus of this allegation, however, is on *Altor's* wrongful "self-dealing" conduct, not NantCell's. *Id.* It is also brought up later in the complaint to discuss how Dr. Soon-Shiong in his capacity as an Altor director was not independent or disinterested. *See id.* ¶ 118. Moreover, even if this allegation were considered a claim of wrongful conduct against NantCell, it too would be excluded under the Contract Exclusion because it arises from a liability in connection with a contract NantCell was a party to.

Plaintiffs argue that NantCell would have been liable for breaches of fiduciary duty—such as aiding and abetting exclusive co-development agreements with Altor and the transfer of control of Altor to Dr. Soon-Shiong through a series of dilutive stock issuance—absent the merger agreement. Opp. at 10. We addressed the first allegation relating to the co-development agreements in the previous paragraph. As to Dr. Soon-Shiong's dilutive stock purchases, we have already found that this was not completed in his NantCell capacity. In fact, the TAC says nothing about NantCell with respect to these purchases.[5] These allegations were discussed in the context of Wong and Middleton engineering a transaction to get other Altor directors to sell shares to Dr. Soon-Shiong and resign from the Board. These were not allegations of wrongful conduct against NantCell.

Plaintiffs then argue that the aforementioned specific allegations—relating to the co-development agreements and stock purchases—preceded the merger and thus could not arise from, be based on, or be in consequence of the merger agreement. *Id.* First, as already discussed, those specific allegations are not made against NantCell. Second, at least with respect to the co-development agreement, this allegation would be excluded under the Contract Exclusion. Third, although these events preceded the merger agreement, they are critical support for the overarching theme in the TAC that Altor directors handed

---

[5] Count V also alleges that "[t]hrough its agents (including Soon-Shiong, its Chairman and CEO, who was a dual director), Nantcell was aware that the Altor Board was breaching its fiduciary duties. NantCell knowingly participated in those breaches." TAC ¶ 214. We similarly do not consider this to be a claim against NantCell for wrongful conduct unrelated to the merger agreement, primarily because Dr. Soon-Shiong could not have acted as an agent of NantCell as he was not sued in his NantCell capacity.

:

| Initials of Preparer | DTA |
|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|
| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* | | |

# JS-6

control of Altor to Dr. Soon-Shiong and allowed a self-dealing and unfair merger with NantCell to occur. TAC ¶ 1. In other words, these self-dealing claims that occurred prior to the merger are inextricably entwined with the merger, enough so that there is at least an "incidental relationship" between these allegations and the merger agreement. *Medill*, 143 Cal. App. 4th at 830.

Plaintiffs also argue that because contract exclusions were intended to prevent a party from receiving a windfall when they failed to perform an underlying contract, the one in the Liberty Policy is inapplicable. Opp. at 13-15. However, whether a party breached or not is of no concern because the exclusion at issue does not depend on such a fact. The Court cannot undermine the explicit text of the exclusion by relying on Plaintiffs' policy arguments.

Finally, Plaintiffs argue that Liberty's interpretation of the contract exclusion would render coverage illusory. Under California law, "[a] contract is unenforceable as illusory when one of the parties has the unfettered or arbitrary right to modify or terminate the agreement or assumes no obligations thereunder." *Harris v. TAP Worldwide, LLC*, 248 Cal. App. 4th 373, 385 (2016). That is not the case here. Although the exclusion here is broad, it does not leave Liberty with *no* obligations. For example, there is arguably coverage for NantCell in the event an action is brought against it for fraud by consumers or regulatory bodies. In fact, other courts have found that the exact exclusion at issue did not bar coverage in other circumstances. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 2024 WL 1216560, at *5 (5th Cir. Mar. 21, 2024) (finding the same contract exclusion did not bar coverage where the underlying plaintiffs could have asserted their claims of unjust enrichment and conversion even absent a contract between them and the insured—who refused to refund ticket holders when the City of Austin cancelled SXSW's festival because of the COVID-19 pandemic); *see also N. Carolina Mut. Wholesale Drug Co. v. Fed. Ins. Co.*, 687 F. Supp. 3d 689, 693 (M.D.N.C. 2023) (finding the same contract exclusion did not bar coverage where none of the claims alleged by the underlying plaintiffs—who asserted tort and statutory claims alleging the insured was liable for failing to monitor, detect, investigate, and refuse to fill suspicious orders by pharmacies for prescription opioids—were based on any contract).

|  |  | : |  |
|---|---|---|---|
| Initials of Preparer | DTA | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-02267-SVW-MAA | Date | April 20, 2026 |
|---|---|---|---|

| Title | *NantCell, Inc. et al v. Liberty Insurance Underwriters Inc. et al* |
|---|---|

# JS-6

Plaintiffs' reliance on *Ironshore Specialty Ins. Co. v. 23andMe, Inc.* is misplaced. 2016 WL 3951660 (N.D. Cal. July 22, 2016). There, the court analyzed a contract exclusion that excluded loss "based upon, arising out of, directly or indirectly resulting from or in any way involving . . . Your *assumption* of liability or obligations in a contract or agreement." *Id.* at \*3 (emphasis added). Whereas the insurer's position was that the language "assumption of liability or obligations" referred to liability or obligations undertaken by the insured in any contract, including the insured's own, the insured's position was that the language referred to liability or obligations originally undertaken by a third party and subsequently assumed by the insured. *Id.* \*3-\*4. The *Ironshore* court never held that the exclusion in the case was illusory. Rather, it merely interpreted the exclusion and rejected the insurer's broader interpretation. *Id.* at \*6. There is no interpretation issue here as the exclusion is clear on its face and broader than the one contemplated in *Ironshore*. *See W.G. Hall, LLC v. Zurich Am. Ins. Co.*, 2017 WL 3782771, at \*6-\*7 (N.D. Cal. Aug. 31, 2017). The *Ironshore* court expressly rejected the insurer's reliance on *Medill*, a case we rely on here, because the contractual liability exclusion there did not expressly exclude coverage for claims arising from breach of *any* contract. In contrast, the Contract Exclusion at issue in our case *does* expressly exclude coverage for claims arising from liabilities in connection with *any* contract. *Ironshore* is thus entirely distinguishable.

The Court thus holds that the Contract Exclusion bars NantCell's claim for coverage. Accordingly, Defendant's motion for summary judgment is GRANTED as to Plaintiff NantCell.

## V.      Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

                                                                                        :

| | Initials of Preparer | DTA |
|---|---|---|